UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| CHRISTINE A. FURR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:05-CV-14 |
| | ) | (VARLAN/SHIRLEY) |
| UNIVERSITY HEALTH SYSTEM, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This civil action is before the Court for consideration of defendant's motion for summary judgment [Doc. 11]. Defendant's motion seeks summary judgment as to plaintiff's Americans with Disabilities Act ("ADA"), Rehabilitation Act, intentional interference with prospective contractual relations, and libel claims. *See* Docs. 11, 16. Upon motion of the plaintiff, the Court has already dismissed plaintiff's two tort claims. *See* Doc. 33. Thus, the only claims before the Court are plaintiff's statutory claims.

With respect those remaining statutory claims, defendant contends that there is no genuine issue of disputed material fact and it is entitled to judgment as a matter of law because, *inter alia*, plaintiff has failed to establish a disability within the meaning of 42 U.S.C. § 12102(2). *See* Doc. 16 (citing *Toyota Mfg. of Ky., Inc. v. Williams*, 534 U.S. 184 (2002) (discussing definition of "disability"); *Maddox v. University of Tenn.*, 62 F.3d 843, 846 n.2 (6th Cir. 1995) (explaining standard of recovery same for ADA and Rehabilitation Act claims). Defendant points to a number of cases from other circuits holding that Attention

Deficit Hyperactivity Disorder, the condition at issue in the instant action, is not a disability under the ADA. *See* Doc. 16 (citing, *e.g.*, *Ristrom v. Asbestos Workers Local 34 Joint Apprentice Comm.*, 370 F.3d 763 (8th Cir. 2004); *Wright v. CompUSA, Inc.*, 352 F.3d 472, 477 (1st Cir. 2003); *Felten v. Eyemart Express, Inc.*, 241 F.Supp.2d 935, 941-42 (E.D. Wis. 2003); *Todd v. McCahan*, 158 F.Supp.2d 1369, 1378 (N.D. Ga. 2000)).

Plaintiff responds to and agrees with defendant's motion for summary judgment by stating, "Plaintiff agrees to dismiss counts I and II of her Complaint as said claims are not supported by the undisputed evidence." Doc. 22 at ¶ 1.

Accordingly, in light of the parties agreement that summary judgment should be entered for defendant, the Court will grant defendant's motion [Doc. 11], dismiss with prejudice plaintiff's ADA claim (count I of the complaint) and Rehabilitation Act claim (count II of the complaint). *See* Fed. R. Civ. P. 56.

ENTER JUDGMENT ACCORDINGLY.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE